18-2862-ag
*Mohammed v. Garland*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of April, two thousand twenty-one.

PRESENT:    JOSÉ A. CABRANES,
            ROSEMARY S. POOLER,
            JOSEPH F. BIANCO,
                    *Circuit Judges.*

_____

ALHASSAN MOHAMMED,

                *Petitioner,*                        18-2862-ag

            v.

MERRICK B. GARLAND, UNITED STATES ATTORNEY
GENERAL,

                *Respondent.*

_____

**FOR PETITIONER:**            Raymond Lo, Jersey City, NJ.

**FOR RESPONDENT:**            Brian M. Boynton, Acting Assistant
                               Attorney General; Holly M. Smith, Senior
                               Litigation Counsel; Christin M. Whitacre,
                               Trial Attorney, Office of Immigration
                               Litigation, United States Department of
                               Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is **DENIED**.

Petitioner Alhassan Mohammed, a native and citizen of Ghana, seeks review of a September 14, 2018 decision of the BIA affirming a September 5, 2017 decision of an Immigration Judge ("IJ") denying Mohammed's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mohammed,* No. A 208 123 391 (B.I.A. Sept. 14, 2018), *aff'g* No. A 208 123 391 (Immigr. Ct. N.Y.C. Sept. 5, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision as modified by the BIA—that is, without consideration of the IJ's alternative burden holding that the BIA did not reach. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's . . . account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Substantial evidence supports the agency's adverse credibility determination here.

Mohammed's testimony was inconsistent with the record evidence regarding his organizational affiliations. Mohammed submitted a letter from a person identifying himself as the Area Assistant Chief of Muslim Youth of Zonge Kumasi, asserting that Mohammed "is a member who has contributed to the success of the activities of our organization," but Mohammed testified that he was not a member of that group. Although Mohammed argues that he explained this discrepancy by testifying that it is possible that the letter's author knows him because the author is "kind of the king in the community," this assertion does not explain why the letter contradicted Mohammed's testimony. In addition, Mohammed's affidavit differed with a second letter with respect to the identity of his abusers: Mohammed referred to them only as "Muslim youth," but a letter from the owner of a neighboring business asserted that Mohammed's business was burned down by members of a Muslim youth group called "the citizen of vigilant." Mohammed does not challenge the agency's reliance on this discrepancy. Although he now argues that his limited education and the time that elapsed between the past harm and his hearing account for any inconsistencies, he did not present these explanations to the agency, nor are they compelling as they do not resolve the inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more

2

than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)); *Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004) ("[W]e require petitioner to raise issues to the BIA in order to preserve them for judicial review." (internal quotation marks, alterations, and emphasis omitted)).

The negative demeanor finding is also supported by the record, which reflects that Mohammed was unresponsive to questioning. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Majidi*, 430 F.3d at 81 n.1 (recognizing that particular deference is given to the trier of fact's assessment of demeanor).

The agency reasonably concluded that portions of Mohammed's testimony were implausible. We defer to the agency's implausibility findings so long as they are "tethered to record evidence, and there is nothing else in the record from which a firm conviction of error could properly be derived." *Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007); *see also Siewe v. Gonzales*, 480 F.3d 160, 168–69 (2d Cir. 2007) (while "bald" speculation is an impermissible basis for an adverse credibility finding, "[t]he speculation that inheres in inference is not 'bald' if the inference is made available to the factfinder by record facts, or even a single fact, viewed in the light of common sense and ordinary experience"). The IJ concluded that portions of the testimony were not plausible for three reasons: first, that Mohammed would be accused of being gay without having any idea why the accusation was made; second, that a person in his position could be driven out of the community by a youth group without ever attempting to obtain assistance from either a religious leader or the government; and third, the IJ found "overall implausible" Mohammed's account of a phone conversation with a man who answered his wife's phone after Mohammed's store was burned. The first finding—that it is implausible that Mohammed could be accused of being gay without knowing why—gives us pause, as Mohammed may not have known what others thought about him. However, even assuming arguendo that this was error, discarding this finding would not change the outcome. The IJ's remaining implausibility findings are tethered to the record. Mohammed testified that he was a person with standing in his community as a married father and business owner who regularly attended religious services. Further, he was able to obtain a letter in support of his asylum application from a community leader despite the accusation of homosexuality.

Finally, having questioned Mohammed's credibility, the agency did not err in concluding that the absence of reliable corroborating evidence further undermined Mohammed's credibility. "An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question." *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). The agency reasonably afforded limited weight to the letters because the authors were unavailable for cross-examination and, as noted above, two of the letters contradicted Mohammed's testimony. *See Y.C. v. Holder*, 741 F.3d 324, 332, 334 (2d Cir. 2013) (holding that "[w]e generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence" and upholding BIA's decision not to credit letter from applicant's spouse in China); *see also In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 215 (B.I.A. 2010) (finding that letters from alien's friends and family were insufficient to provide substantial

3

support for alien's claims because they were from interested witnesses not subject to cross-examination), *overruled on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130, 133–38 (2d Cir. 2012). As the IJ noted, Mohammed presented no other evidence to corroborate that his business was burned, that the group that targeted him existed, or that the Ghanaian government was unable to control such groups.

In sum, given the inconsistencies, the agency's demeanor and implausibility findings, and the absence of reliable corroborating evidence, the agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163–64. That determination is dispositive of asylum, withholding of removal, and CAT relief because all three forms of relief are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

## CONCLUSION

We have considered all of Mohammed's arguments and find them without merit. For the foregoing reasons, the petition for review is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4